Submitted December 2, 2020; conviction on Count 1 reversed and remanded, remanded for resentencing, otherwise affirmed January 6, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM DAVID HARRIS,
*Defendant-Appellant.*

Wasco County Circuit Court
18CR09450; A170271

478 P3d 1024

Janet L. Stauffer, Judge.

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for first-degree rape, ORS 163.375 (Count 1), and second-degree sexual abuse, ORS 163.425 (Count 2). The verdict on Count 1 was not unanimous. In his first assignment of error, defendant contends that the trial court erred in instructing the jury, over his objection, that it could return nonunanimous verdicts, and, further, that the instructional error requires a new trial on Count 1 because of the nonunanimous verdict on that count.[1] In his second assignment of error, defendant argues that the trial court erred in merging the guilty verdicts on Counts 1 and 2 "for sentencing purposes." In response to the first assignment of error, the state correctly concedes that defendant is entitled to a reversal of his conviction under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We accept the state's concession and reverse and remand the conviction on Count 1. That disposition obviates the need to address defendant's second assignment of error.

Conviction on Count 1 reversed and remanded; remanded for resentencing; otherwise affirmed.

---

[1] We do not understand defendant to argue that the instructional error requires a new trial on Count 2, on which the jury returned a unanimous verdict. In any event, that argument would fail. *See State v. Flores Ramos*, 367 Or 292, 334, 478 P3d 515 (2020) (concluding that nonunanimous jury instructions were harmless where the jury returned unanimous verdicts).